CJF1.23.19
DM: USAO 2019R00046

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. CCB-19-037 |
| v. | * |
| | * UNDER SEAL |
| ERIC RICH, | * |
|    a.k.a. "E-Dog," | * (Conspiracy to Distribute and Possess |
|    a.k.a. "E-Dub," | * with Intent to Distribute Controlled |
|    a.k.a. "Greg," | * Substances, 21 U.S.C. §846; Aiding |
| | * and Abetting, 18 U.S.C. § 2; |
| | * Forfeiture, 21 U.S.C. § 853, 28 U.S.C. |
| | * § 2461(c), Fed. R. Crim. P. 32.2.(a)) |



          **Defendants**

*******

## INDICTMENT

### COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury but at least prior to January 1, 2017, and continuing until on or about the date of this Indictment, in the District of Maryland, the defendants,

**ERIC RICH,**
**a.k.a. "E-Dog,"**
**a.k.a. "E-Dub,"**
**a.k.a. "Greg,"**



did knowingly and intentionally combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II substance, in violation of Title 21 of the United States Code Section 841.

21 U.S.C. § 846
21 U.S.C. § 841(b)(1)(A)(vi), (b)(1)(B)(i)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461 (c), in the event of the defendants' convictions under Count One of this Indictment.

### Narcotics Forfeiture

2. As a result of the offenses set forth in Count One, incorporated herein, the defendants shall forfeit

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Substitute Assets

4. If any of the property described above, as a result of any act or omission of any defendant,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853  
28 U.S.C. § 2461(c)

 

_____  
ROBERT K. HUR  
UNITED STATES ATTORNEY

A TRUE BILL:

_____           _____  
FOREPERSON                              DATE